UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT CARRENO, JR., Petitioner | CIVIL ACTION NO. 1:18-CV-996-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Robert Carreno, Jr. ("Carreno") (#84477-280). Carreno is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Carreno challenges the legality of his sentence imposed in the United States District Court for the Western District of Texas.

Because Carreno cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his petition should be dismissed for lack of jurisdiction.

I.  **Background**

Carreno entered a guilty plea to conspiracy to distribute one kilogram or more of heroin. Carreno v. United States, 11-cv-836, 2014 WL 4385947, at *1 (W.D. Tex. July 16, 2014). Carreno was sentenced to an agreed-upon term of 300 months, in accordance with a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Id. Carreno did not appeal. Id.

Carreno filed a motion to vacate under 28 U.S.C. § 2255, which was denied. Id., report and recommendation adopted, 11-cr-836, 2014 WL 4385950 (W.D. Tex. Aug. 28, 2014).

Carreno filed a motion to reduce sentence under amendments to the sentencing guidelines. The court entered an electronic order denying the motion, noting: "The Defendant was sentenced under a binding plea agreement. Accordingly, he is not eligible for a sentence reduction under section 3582 Amendments 782 and 788." (5:11-cr-00836, W.D. Tex.).

Carreno recently filed a renewed motion to reduce his sentence, which is pending in the Western District of Texas. (5:11-cr-00836, W.D. Tex.).

In his § 2241 petition, Carreno claims he is entitled to challenge his conviction under Mathis v. United States, 136 S. Ct. 2243 (2016).

## II. Law and Analysis

### A. Carreno does not meet the requirements of the savings clause.

Carreno seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Carreno claims he is entitled to proceed under the savings clause through Mathis. However, Mathis does not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule). In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Because Carreno has not identified a retroactively applicable Supreme Court decision, he cannot meet the savings clause. Therefore, this Court lacks jurisdiction to consider the merits of Carreno's claim.

III. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Carreno's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Carreno's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished); (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge